Estate of John O. Platt, Deceased, John O. Platt, Jr., and Girard Trust Company (now Girard Trust Corn Exchange Bank), Executors v. Commissioner.
Estate of Platt v. Commissioner
Docket No. 38061.
United States Tax Court
T.C. Memo 1954-143; 1954 Tax Ct. Memo LEXIS 103; 13 T.C.M. (CCH) 847; T.C.M. (RIA) 54249; August 27, 1954, Filed *103 In the absence of affirmative evidence that the transfers in trust by the decedent of several insurance policies on his life were for a motive associated with life, the Commissioner's determination that such transfers were in contemplation of death is sustained. James F. McMullan, Esq., 1900 Girard Trust Building, Philadelphia, Pa., for the petitioners. John D. Armstrong, Esq., for the respondent. BAAR
Memorandum Findings of Fact and Opinion BAAR, Judge: The Commissioner determined a deficiency of $34,328.51 in the estate tax with respect to the decedent herein, of which only a portion is here in controversy. The only question presented is whether or not the proceeds of seven insurance policies on the life of the decedent transferred *104 by him pursuant to the provisions of a trust agreement executed approximately eleven and one-half years prior to his death are includible in his gross estate under the provisions of section 811(c) of the Internal Revenue Code as a gift in contemplation of death or under the provisions of section 811(g) as proceeds of life insurance for which the decedent paid some portion of the premiums after January 10, 1941. [Findings of Fact] The parties submitted the case upon the pleadings and the facts are found accordingly, as summarized below. Petitioners, John O. Platt, Jr., and Girard Trust Company (now by merger Girard Trust Corn Exchange Bank) are the executors of the estate of John O. Platt, deceased, who died a resident of Chester County, Pennsylvania, on July 11, 1947. The Federal estate tax return was filed with the collector of internal revenue for the first district of Pennsylvania. By deed of trust dated December 27, 1935, the decedent transferred to Mary Page Platt, his wife, and Girard TrustCompany, a corporation of Philadelphia, Pennsylvania, as trustees, the following policies of insurance on his life: Policy
No.
71759
Berkshire Life Ins. Co.
$10,000
77485
Berkshire Life Ins. Co.
5,000
88931
Berkshire Life Ins. Co.
20,000
164345
Berkshire Life Ins. Co.
15,000
298840
Provident Mutual Life Ins. Co.
25,000
397911
Provident Mutual Life Ins. Co.
25,000
1027925
Mutual Benefit Life Ins. Co.
25,000
*105 The deed of trust recited that theforegoing insurance policies had been or were about to be made payable upon the settlor's death to the trustees. By absolute assignments dated December 30, 1935, the decedent assigned all of the policies to the trustees. In the deed of trust the decedent as settlor declared that all of the trusts established thereunder were "irrevocable by him either in whole or in part." Under the terms of the deed of trust the income from the trust was directed to be distributed to Mary Page Platt, wife of the decedent, for life, with power in the trustees to invade corpus if necessary for the proper maintenance, education and support of the decedent's family. Upon the death of Mary Page Platt the income was to be paid in equal shares to the decedent's children, Davis P. Platt, William Platt and Mary C. Platt, for their respective lives, with power in each child to withdraw 20 per cent of his or her share of the principal upon attainment of the age of 30 years, 30 per cent of his or her share of the principal upon attainment of the age of 35 years, and the balance of his or her share of the principal upon attainment of the age of 40 years. The trust further *106 provided that upon the death of any of the said children, while any part of his or her share of the principal remained in the hands of the trustees, such remaining principal should be paid to the issue of such deceased child, per stirpes, and in default of issue should be added to the shares of principal of theother children of the decedent. [Opinion] The decedent did not, at any time after January 10, 1941, possess any incident of ownership in any of the policies of life insurance transferred under the deed of trust, as stated above. No evidence was presented by the petitions to show the motive for the transfers, who paid the premiums on the insurance policies, when they were paid, or the total amount of premiums paid. Absent any affirmative proof that in transferring these policies the decedent's motive was associated with life, it is fair to infer that the transfers were testamentary in character and in contemplation of death. Garrett's Estate v. Commissioner, (C.A. 2, 1950) 180 Fed. (2d) 955, affirming on this issue 8 T.C. 492; cf. Estate of Frank W. Thacher, 20 T.C. 474, 480 (1953); Estate of Louis Richards, 20 T.C. 904, 913 (1953). *107 The petitioners having failed even to suggest a motive for such transfers, the determination of the Commissioner that they were in contemplation of death must stand. Estate of Charles I. Aaron, 21 T.C. 377 (1953); Estate of George F. Hurd, 9 T.C. 681, 687 (1947). The proceeds of the seven insurance policies on his life transferred by the decedent to the trust in 1935 are includible in his gross estate under the provisions of section 811(c) of the Internal Revenue Code as transfers made in contemplation of death. In view of our decision on this point, it is unnecessary for us to determine whether or not the proceeds of such policies were also includible in the decedent's gross estate under section 811(g). Decision will be entered for the respondent.